# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 8, 2019

158702

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re*

HON. JOSEPH S. FILIP,
JUDGE, 12th DISTRICT COURT
Jackson, MI

SC: 158702
RFI Nos. 2017-22827;
2017-22832

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, Honorable Joseph S. Filip, 12th District Court Judge, consents. It is accompanied by a settlement agreement, in which the respondent waived his rights, stipulated to findings of fact and conclusions of law, and consented to a sanction of public censure.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

Everything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion

are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

1. Respondent presided over a preliminary examination in the case of *People v Rama Tyson*, case number 1705024FY, on July 14, 2017.

2. The prosecution was represented by Assistant Prosecuting Attorney (APA) Jeremiah Smith and the defendant was represented by Mr. Sheldon Halpern and Ms. Suzanna Kostovski.

3. At the conclusion of the testimony and arguments of counsel on July 14, respondent asked the parties to brief issues regarding the sufficiency of the evidence as to count 2, maintaining a drug house, and as to the execution of the search warrant.

4. On July 25, 2017, respondent sent the following email to APA Smith:

   **From**:    Joe Filip
   **Sent**:    Tuesday, July 25, 2017 2:17 PM

   **To**:    Jeremiah Smith
   **Subject**:    Rama Tyson - Maintaining

   Read:   People v Tarone Washington, COA No. 330345; Unpublished July 6, 2014

5. The *Washington* case cited in respondent's email was relevant to the issue respondent had asked the parties to brief as to count 2, maintaining a drug house.

6. Respondent did not in any way inform either of the defendant's counsel of the *Washington* case.

7. Respondent did not provide a copy of his email to Mr. Smith to either of defendant's counsel.

8. Respondent presided over *People v Kathleen Adkins*, case numbers 16262SD and 17016SD.

9. The prosecution was represented by APA Smith and the defendant was represented by attorney Michael Dungan.

10. On June 28, 2017, respondent sent the following email to APA Smith:

> **From**: Joe Filip
> **Sent**: Wednesday, June 28, 2017 7:52 AM
> **To**: Jeremiah Smith
> **Subject**: Adkins OWIs
>
> Take a read of People v Solmonson, 261 MA 657 (2004), cited in People Rassoull Omari Janes, COA Unpublished June 15, 2017 (I have a copy).
>
> Perhaps Jerry Schrotenboer may have some thoughts as well.

11. The cases cited in respondent's email were relevant to an issue in the case.

12. Respondent did not in any way inform the defendant's counsel of these cases.

13. Respondent did not provide a copy of his email to Mr. Smith to defendant's counsel.

14. APA Smith informed his supervisor, Chief Assistant Prosecuting Attorney Kati Rezmierski, of respondent's email in the *Tyson* case. Chief APA Rezmierski provided a copy to *Tyson* defense counsel.

15. APA Smith provided *Adkins* defense counsel with a copy of the email respondent sent him pertaining to the *Adkins* case.

16. On September 8, 2017, respondent held a hearing on defense counsel Mr. Halpern's motion to disqualify respondent in the case of *People v Rama Tyson*. . . .

17. During the course of the September 8 hearing, respondent expressed his displeasure that APA Smith and Chief APA Rezmierski had alerted defense counsel to the ex parte communications. Respondent stated that APA Smith "handled himself in in [sic] a completely unprofessional manner, never notified me of his concerns. . ." (Transcript p. 3). Respondent also stated ". . . Mr. Smith is a fool that I suffered." (Transcript p. 8).

Respondent also twice referred to Chief APA Rezmierski as a "cancer" in the prosecuting attorney's office. (Transcript p. 9).

The standards in *Brown* are also being applied to the Judicial Tenure Commission's legal conclusions to which the respondent stipulated and which we adopt as our own. The Commission concludes, and we agree, that the respondent's conduct constitutes:

a. Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

b. Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205;

c. Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to the Code of Judicial Conduct, Canon 1;

d. Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of the Code of Judicial Conduct, Canon 2A;

e. Conduct involving impropriety and the appearance of impropriety, in violation of the Code of Judicial Conduct, Canon 2A;

f. Failure to respect and observe the law and to conduct himself at all times in a manner which would enhance the public's confidence in the integrity and impartiality of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;

g. Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2);

h. Lack of personal responsibility for his own behavior and for the proper conduct and administration of the court in which he presides, contrary to MCR 9.205(A);

  i.  Conduct that violates the standards or rules of professional responsibility adopted by the Supreme Court, contrary to MCR 9.104(4);

  j.  Participation in ex parte communications, and consideration of them outside the presence of all parties concerning pending or impending proceedings, in violation of Code of Judicial Conduct Canon 3A(4);

  k.  Conduct in violation of the Michigan Code of Judicial Conduct Canon 2B which states in part, "Without regard to a person's race, gender, or other protected personal characteristic, a judge should treat every person fairly, with courtesy and respect,"; and,

  l.  Conduct in violation of the Michigan Code of Judicial Conduct Canon 3A(3) which states that a judge should be patient, dignified, and courteous to attorneys and others.

After review of the Judicial Tenure Commission's decision and recommendation, the settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable Joseph S. Filip be publicly censured. This order stands as our public censure.

BERNSTEIN, J., would remand to the Judicial Tenure Commission for further explication.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 8, 2019

a0305

Clerk